1

2

3

4

5

6

7

8

9          **IN THE UNITED STATES DISTRICT COURT**

10          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11

12   UNITED STATES OF AMERICA,                    CASE NO. 1:07-CV-794-LJO-GSA

13                    Plaintiff,                   **FINDINGS AND RECOMMENDATIONS**
                                                   **GRANTING MOTION FOR DEFAULT**
14                                                 **JUDGMENT**

15   _____
                                                   (Doc. 15)
16          vs.

17   JAGTAR SINGH,

18                    Defendant.
     _____/
19

20                          **I.  INTRODUCTION**

21          Pending before the court is the United States of America's (Hereinafter, "Plaintiff or

22   "government") Motion for Entry of Default Judgment against Defendant Jagtar Singh (Hereinafter,

23   "Defendant").  The court has reviewed the papers and has determined that this matter is suitable for

24   decision without oral argument pursuant to Local Rule 78-230(h).  Having considered all written

25   materials submitted, the court recommends that Plaintiff's motion be GRANTED.

26                          **II.  BACKGROUND**

27          On May 30, 2007, Plaintiff filed a Complaint to reduce federal tax assessments against

28   Defendant. (Doc. 1).  On September 19, 2007, after numerous unsuccessful attempts to serve

                                          1

1    Defendant, Plaintiff filed an Ex Parte Application to serve Defendant by publication and to extend

2    the time to complete service of process. (Doc. 4).   On September 26, 2007, the court granted

3    Plaintiff's application for service by publication and extended the period for service of the Summons

4    and Complaint until November 29, 2007.[1]  (Doc. 5).  On November 21, 2008, the court entered

5    another order extending the period for service of the Summons and Complaint until December 26,

6    2007.  (Doc. 9).  Notice of summons and service by publication was published in the Fresno Bee on

7    November 25, 2007 and December 2, 9 and 16, 2007.  See, Smart Declaration at Exhibit A (Doc.

8    12).

9           Mr Singh failed to plead, appear, or otherwise defend against this action.  Default was

10   entered against him on February 8, 2008. (Doc. 13).  Plaintiff filed the instant Motion for Entry of

11   Default Judgement on August 5, 2008.  (Doc. 15).   In the Motion for Entry of Default Judgment,

12   Plaintiff  requests that the court enter judgment against Defendant in favor of the United States of

13   America in the amount of $ 1,617,536.60, plus interest and other statutory additions from August 1,

14   2008.

15                              **III. LEGAL STANDARD**

16          The United States of America moves for entry of default judgment pursuant to Federal Rule

17   of Civil Procedure 55(b)(2), which provides that judgment may be entered:

18                 (2)      By the Court.  In all other cases the party entitled to a judgment by default
                   shall apply to the court therefor; but no judgment by default shall be entered against
19                 an infant or incompetent person unless represented in the action by a general
                   guardian, committee, conservator, or other such representative who has appeared
20                 therein. If the party against whom judgment by default is sought has appeared in the
                   action, the party (or, if appearing by representative, the party's representative) shall be
21                 served with written notice of the application for judgment at least 3 days prior to the
                   hearing on such application. If, in order to enable the court to enter judgment or to
22                 carry it into effect, it is necessary to take an account or to determine the amount of
                   damages or to establish the truth of any averment by evidence or to make an
23                 investigation of any other matter, the court may conduct such hearings or order such
                   references as it deems necessary and proper and shall accord a right of trial by jury to
24                 the parties when and as required by any statute of the United States.

25   _____

26          [1] Rule 4(e)(1) of the Federal Rules of Civil Procedure permits service of process to be made "pursuant to the law
     of the state in which the district is located."  California law permits that a "summons may be served by publication if upon
27   affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with
     reasonable diligence be served in another manner."  See, Cal. Civ. Proc. § 415.50.  Service is deemed complete as set forth
     in Section 6064 of the California Government Code which requires that notice be published once a week for four successive
28   weeks. Cal. Gov't Code § 6064.

Defendant is not an infant or incompetent person, and is not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. Declaration of Adam Smart dated January 17, 2008 at 5. (Doc. 12-2). Further, "upon default, the well pleaded allegations of the complaint relating to liability are taken as true." Dundee Cement Co. v. Highway Pipe and Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice §55.11 (3d ed. 2000).

While factual allegations of the complaint are taken as true upon default, damages are not. Geddes v. United Financial Group, 559 F. 2d 557, 560 (9th Cir. 1977). Where damages are liquidated (i.e. capable of ascertainment from definitive figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing. Dundee, 722 F. 2d 1323-24; see also, James v. Frame, 6 F. 3d 307, 310 (5th Cir. 1993). Granting or denying default judgment is within the court's sound discretion. See, Draper v. Coombs, 792 F. 2d 915, 924-25 (9th Cir. 1986) (citation omitted). "In applying this discretionary standard, default judgments are more often granted than denied. PepsiCo., Inc., v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999).

**IV. ANALYSIS**

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

The court has evaluated the factors listed above and finds that the facts in this case weigh heavily in favor of granting default judgment. First, Plaintiff would suffer prejudice if the court does not enter default judgment because Defendant has not participated in this litigation and Plaintiff

would have no other means of recovery. Second, as outlined below, Plaintiff's Complaint properly alleges the necessary elements of the cause of action which satisfies the second and third factors; the merits of the substantive claim, and the sufficiency of the complaint. The fourth factor is also met since there is a significant amount of money at stake in this action and the United States has demonstrated its actions are authorized under federal law and the amount of damages requested has been proven as described below.

Further, in June 2000, the Internal Revenue Service (Hereinafter, "IRS") met with Mr. Singh to discuss his outstanding tax liabilities. The IRS informed Defendant that if he failed to make a payment of the outstanding tax liabilities the IRS would seize his real and personal property. See, Declaration of Adam Smart dated August 5, 2008 at Exhibits 9-10. (Doc. 15-3). In fact, Mr. Singh executed forms agreeing to certain assessments at issue in this case. See, Supplemental Declaration of Kandis Beile dated August 5, 2008 at pg. 2 . (Doc. 15-5). Given the contacts the government had with Mr Singh, there is little possibility of a dispute concerning the material facts. Moreover, there is no evidence of excusable neglect especially in light of the fact that Plaintiff made several attempts to serve Mr. Singh personally as well as by publication.

Finally, with regard to the last factor, although cases should be decided on the merits when reasonably possible, such preference alone is not dispositive. PepsiCo Inc., v. California Security Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). It is clear from Defendant's actions that the court is unable to decide the case on the merits given his nonappearance.

*A. Plaintiff's Claim*

The government seeks to reduce assessments against Defendant to judgment. A delegate of the Secretary of the Treasury made several assessments against Defendant for unpaid employment related taxes (Form 941), for unpaid federal (Form 940) unemployment, and for unpaid federal income tax (Form 1040) for the periods set forth below in the amount as follows:

| Tax Type | Tax Period Ended | Total Assessed | Total Due as of August 1, 2008 |
|---|---|---|---|
| 1040 | 1993 | $599,030.45 | $1, 029,588.70 |
| 1040 | 1994 | $24,638.79 | $70,264.24 |

4

| 940 | 12/31/1995 | $2,257.93 | $4,915.40 |
|---|---|---|---|
| 940 | 12/31/1997 | $42,046.46 | $96,246.53 |
| 941 | 12/31/1996 | $76,582.68 | $186,455.42 |
| 941 | 3/31/1997 | $1,402.69 | $3,549.62 |
| 941 | 6/30/1997 | $69,551.11 | $154, 613.48 |
| 941 | 12/31/1997 | $32,343.89 | $71,903.21 |
| **Totals** | | **$847,854.00** | **$1,617,536.60** |

In support of the its motion, the government has argued that it is entitled to judgment not only because the allegations in the Complaint are deemed to be true, but also because the amounts stated in the Complaint are properly assessed against the defendant.  In support of the motion, the government submitted Certificates of Assessments, Payments and Other Specified Matters (Form 4340) for Defendant Singh for each tax year at issue. See, Declaration of Adam Smart, dated August 5, 2008 and Exhibit 1-8. (Doc. 15-3).  In 1993, because the assessment was based on a substitute for return, the government submitted additional evidence that it argues is sufficient to prove the amount and the basis of the tax assessment of that year.  See, Supplemental Declaration of Kandis Beile dated August 5, 2008 at pg. 2 . (Doc. 15-5).  Finally, the government submitted a Declaration of Kandis Beile, a paralegal in the Office of Chief Counsel, IRS, in Sacramento California with attached computer printouts containing the breakdowns of the tax and interest, as well as a calculation of the accrued interest, the tax penalties, and accrued interest through August 1, 2008.  See, Declaration of Kandis Beile (hereinafter, "Beile declaration") dated July 25, 2008 at pg. 2 . (Doc. 15-4)

In an action to collect tax, the government bears the initial burden of proof.  Oliver v. United States, 921 F. 2d at 916, 919 (9th Cir. 1990).  The assessment made against the Defendant reflected in the Certificates of Assessments and Payments submitted by the United States in support of its motion are the proper means of establishing the facts of an administrative assessment, the amounts of the assessment, and the notice and demand for payment.  See, , United States v. Jones, 33 F. 3d 1137, 1139 (9th Cir. 1994) ("Introducing Certificates of Assessments and Payments establish as prima facie case for the United States."); Hansen v. United States, 7 F. 3d 137, 138  (9th Cir. 1991)

1  (Forms 4340 are proof that proper notices are sent); Hughs v. United States, 953 F. 2d 531, 539-40
2  (9th Cir. 1991) (Form 4340 qualify as a public record under Fed. R. Evid. 803(8)).  Once, the
3  government satisfies it initial prima facie burden by introducing Certificates of Assessments, the
4  burden then shifts to the taxpayer to show that he is not liable for the assessments.  Oliver v. United
5  States, 921 F. 2d at 919.

6  _____In the course of conducting a review of the documents submitted by the government, the
7  court noted a discrepancy between the amounts contained in the Certificates of Assessments and the
8  Beile declarations for the periods ending in 1993 and March 31,1997.  On September 26, 2008, the
9  court requested clarification.  On October 14, 2008, Plaintiff filed another declaration from Kandis
10  Beile and supporting documentation explaining that the discrepancies in the figures were due to
11  additional assessments that made on the accounts after the Certificates of Assessments were
12  generated.  See, Second Supplemental Declaration of Kandis Beile, dated October 2, 2008.  (Doc.
13  19-2).  Accordingly, upon review of all of the documentation submitted, the court finds that the
14  Certificates of Assessment and the additional declarations submitted by the government
15  demonstrates that the unpaid balance due on the relevant assessments against Defendant, with
16  accrued interest and penalties, and other statutory additions as of August 1, 2008, is  $1,617,536.60
17  plus penalties and interest thereafter until paid pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and
18  28 U.S.C. § 1961(c).

19  **V.  CONCLUSION**

20  Based on the above, IT IS HEREBY RECOMMENDED that Plaintiff's motion for default
21  judgment as to Defendant Jagtar Singh be GRANTED.  Judgment in favor of the United States of
22  America and against Defendant in the amount of $1,617,536.60 with interest and statutory additions
23  accruing from August 1, 2008 until paid in full should be issued.

24  These Findings and Recommendations are submitted to the Honorable Lawrence J. O'Neill,
25  United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and
26  Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
27  California.  Within twenty (20) days after being served with a copy, any party may file written
28  objections with the court and serve a copy on all parties.  Such a document should be captioned

6

1   "Objections to Magistrate Judge's Findings and Recommendations."  The Court will

2   then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

3   advised that failure to file objections within the specified time may waive the right to appeal the

4   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5

6

7

8        IT IS SO ORDERED.

9     **Dated:    October 21, 2008              /s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        7